ROBERT C. O'BRIEN, ESQ. – SBN: 154372
JENNIFER C. TERRY, ESQ. – SBN: 200541
ARENT FOX LLP
555 West 5th Street, 48th Floor
Los Angeles, California 90013
Telephone:   (213) 629-7400; Facsimile:   (213) 629-7401

THOMAS V. GIRARDI, ESQ. – SBN: 36603
STEPHEN G. LARSON, Esq. – SBN 145225
VINCENT J. CARTER, ESQ. – SBN: 208899
GIRARDI | KEESE
1126 Wilshire Boulevard
Los Angeles, California 90017
Telephone:   (213) 977-0211; Facsimile:   (213) 481-1554

FILED
CLERK, U.S. DISTRICT COURT
DEC 27 2010
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Attorneys for Plaintiffs Dr. Buzz Aldrin and StarBuzz LLC

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. BUZZ ALDRIN and STARBUZZ, LLC, a California limited liability company, <br><br> Plaintiffs <br><br> vs. <br><br> TOPPS COMPANY, INC., a Delaware corporation; and DOES 1 - 50, / 0 <br><br> Defendants. | CASE NO. CV10-09939SS <br><br> COMPLAINT FOR COMMON LAW RIGHT OF PUBLICITY; STATUTORY RIGHT OF PUBLICITY [Cal. Civ. Code § 3344]; UNFAIR BUSINESS PRACTICES [Cal. Bus. & Prof. Code § 17200 et seq.] and UNJUST ENRICHMENT <br><br> JURY TRIAL DEMANDED |

Plaintiffs DR. BUZZ ALDRIN, and individual, and STARBUZZ LLC, a California limited liability company (collectively "Dr. Aldrin" or "Plaintiffs"), for their Complaint against Defendant TOPPS COMPANY, INC. and DOES 1 through 50 (collectively, "Defendants"), and each of them, allege claims for relief as follows:

1

## INTRODUCTION

1.    Defendants misappropriated the name, likeness, image and identity of Dr. Aldrin by using his image, name and signature to advertise their collectors' cards without his consent. Defendants have refused to covenant that they will refrain from doing so again, and further, have refused to compensate Dr. Aldrin and StarBuzz for their unauthorized use of his image, name and signature. As a result, Dr. Aldrin has been forced to file the instant action to protect his rights.

## PARTIES

2.    Plaintiff Buzz Aldrin is, and at all times mentioned herein was, a resident of Los Angeles County, California, within the Central District of California. A respected member of his community, Plaintiff has been a scientist, fighter pilot, public figure, and world renowned astronaut who, among other things, was one of the first two men to set foot on the moon in July, 1969.

3.    Plaintiff StarBuzz LLC is a California limited liability company with its primary place of business in Santa Monica, California, within the Central District of California. StarBuzz LLC is the assignee of Dr. Aldrin's rights of publicity for purposes of licensing. The company is chaired by Dr. Aldrin to manage his business and space endeavors, brand development, licensing, and rights of publicity.

4.    Plaintiffs are informed and believe, and on that basis allege, that at all times herein mentioned, Defendant Topps Company, Inc. ("Topps") is and was a corporation organized under the laws of Delaware, and, that at all times relevant herein, was doing business in the County of Los Angeles, California, within the Central District of California. Plaintiffs are informed and believe that Topps is a privately held company engaged in the manufacture and sale of trading cards with its primary place of business in New York.

5.    The true names or capacities, whether individual, corporate, associate or otherwise of defendant(s) named in this action as DOES 1 through 50 are unknown to Plaintiffs. Such defendants are thus sued herein using their fictitious names, DOES 1 through 50. Plaintiffs will seek leave to amend this complaint to add such persons and entities as defendants in this action, and to allege their capacities and the exact nature of their wrongful conduct, when such information has been

ascertained. Plaintiffs are informed and believe, and thereon allege, that each of the fictitiously named defendants is responsible in some manner for the acts and occurrences herein alleged, and that Plaintiffs' damages as herein alleged were proximately caused by the conduct of said defendants, and each of them.

6. Plaintiffs are informed and believe and thereon allege that, at all times herein mentioned, the Topps and the fictitiously-named DOE defendants, in committing the acts and omissions alleged in this Complaint:

    a. acted as agents and servants of the other defendants;

    b. acted within the scope of their authority as such agents and servants of the other defendants;

    c. acted in concert with the other defendants with a design and for the purpose of injuring Plaintiff and unlawfully benefiting some or all of the defendants; or in the alternative,

    d. approved and ratified the acts and omissions of the other defendants.

## JURISDICTION

7. Complete diversity exists between the Plaintiffs and Defendants which creates jurisdiction for this Court pursuant to 28 U.S.C. § 1332. Plaintiffs are claiming damages far in excess of the minimal jurisdictional limits of this court.

8. Venue is appropriate because a substantial part of the events leading to this claim arose in this district and because the defendants are subject to the personal jurisdiction of the court. 28 U.S.C. § 1391(a), (c).

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

9. On July 20, 1969, Dr. Aldrin, an astronaut on the United States' Apollo 11 mission, walked on the moon, an event witnessed live by a worldwide television audience of half a billion people. In conjunction with the Apollo 11 mission, the National Aeronautic and Space Administration ("NASA") caused various color photographs, color motion pictures, and live black and white video images to be taken of Dr. Aldrin which feature his name, likeness, image and

identity. One of the most famous of these photographs -- arguably the most famous of all space-related photographs -- is a full-body shot of Dr. Aldrin standing on the moon's surface with his left arm bent across his chest. The Eagle lunar landing module and fellow astronaut Neil Armstrong are mirrored in Dr. Aldrin's gold-plated visor. Known as the "Visor Shot", this photograph has graced the cover of countless world-renowned magazines, including the July 25, 1969 edition of *Time* magazine, the August 8, 1969 edition of *Life* magazine, and again, on the cover of *Life* magazine's "Collector's Edition" Spring 1998, in addition to countless television programs, movies, newspapers, magazines, history books, advertisement, and products. In the October 1999 edition of *National Geographic* magazine, the Visor Shot was described as being "[n]early as famous as the words uttered on the moon by Neil Armstrong." A true and corrected copy of the Visor Shot is attached as Exhibit 1.

10. Following the Apollo 11 mission, Dr. Aldrin embarked on a worldwide goodwill tour, received the Presidential Medal of Freedom, and was presented with approximately 50 other awards, honorary degrees, and medals in the United States and abroad.

11. Following his work with NASA as an astronaut, Dr. Aldrin, who received the Distinguished Flying Cross as a fighter pilot in Korea, assumed command of the Air Force Test Pilot School at Edwards Air Force Base. Since retiring from NASA and the United States Air Force, Dr. Aldrin has remained at the forefront of efforts to ensure America's role as a leader in manned space exploration. These public efforts include, among other things, participating in numerous space and science organizations worldwide; assisting in the development of future space programs and space education for the world's youth; lecturing throughout the world on the latest concepts and ideas for exploring the universe; authoring magazine articles and numerous books, such as the non-fiction books entitled "Return to Earth" and "Men from Earth" which, among other things, describe Dr. Aldrin's journey to the moon and his unique perspective with respect to America's future in space. Dr. Aldrin's most recent non-fiction book, "Magnificent Desolation," was a New York Times bestseller, as were the two illustrated children's books which he authored, "Reaching for the Moon" and "Look to the Stars." Dr. Aldrin also published two fiction novels entitled "Encounter With Tiber" and "The Return," and has participated in numerous newspaper, television, and radio interviews.

4

COMPLAINT FOR COMMON LAW RIGHT OF PUBLICITY; STATUTORY RIGHT OF PUBLICITY;
UNFAIR BUSINESS PRACTICES; AND UNJUST ENRICHMENT

12. In addition to his scientific and journalistic efforts and by reason of his fame and celebrity, Dr. Aldrin appeared as a contestant on the reality television program, Dancing With The Stars, as well as on other television programs such as 30 Rock and WWE Raw Live. He has approximately 791,000 followers on Twitter, and he maintains websites at www.buzzaldrin.com and www.buzzaldrin.net, both of which prominently display the Visor Shot throughout the site. Dr. Aldrin has endorsed, and continues to endorse, commercial products by, among other things, licensing the Visor Shot for commercial purposes. In fact, his New York Times bestseller, "Magnificent Desolation" discusses in detail his licensing relationship with numerous companies who have used the Visor Shot in advertising with his consent, as well as the right of publicity litigation that ensued from those who used the Visor Shot without his consent. Many of the licensed items bearing the Visor Shot are currently sold over the Buzz Aldrin websites today. Most recently, Dr. Aldrin sponsored and developed, in conjunction with The App Company, the critically acclaimed application for the iPhone and iPad, "Buzz Aldrin Portal to Science and Space Exploration." Once the Application is downloaded to the iPad or iPhone, the Visor Shot appears on the iPad screen as the icon to access the Application. When the user clicks on the Visor Shot icon, the opening Application page is the full body shot of Dr. Aldrin in the Visor Shot, superimposed on a different photograph of the moon's surface, with the words "Buzz Aldrin: Portal to Science and Space Exploration," and a current picture of Dr. Aldrin in the foreground of the screen. There can be no confusion that Buzz Aldrin is the man depicted in the Visor Shot.

13. Throughout his life, Dr. Aldrin has invested substantial time, energy and effort in developing his professional skills as a pilot, astronaut, writer, lecturer and spokesperson, and as a result thereof, has achieved considerable professional success and notoriety by virtue of his important achievements in these fields. By virtue of Dr. Aldrin's unique background and special skills, his name, likeness, image and identity have become valuable commercial assets which Dr. Aldrin and StarBuzz LLC alone hold the rights to control.

14. Recognizing the tremendous value of Dr. Aldrin's name, image and likeness, Defendants sought to commercially link their business and products to him and thereby reap the benefits of the public's goodwill toward Dr. Aldrin for themselves. As part of the "Topps American

Heritage: American Heroes Edition," Defendants created, marketed and sold packages of collector trading cards with the Visor Shot prominently featured on the top of the trading card box and on the packaging of each of the 24 packages of trading cards contained within. The wrapper around the trading card box is clear, so the Visor Shot is clearly displayed alongside the images of Abraham Lincoln and Mickey Mantle ("Packaging"). The Visor Shot is also displayed on the inset of the box's lid, which when opened, acts as a display when the individual trading card packages are sold in stores ("Inset"). Dr. Aldrin's name is also used on the front and back of the Heroes of Spaceflight trading card, which includes a "cut signature" of Dr. Aldrin (the "Signature Card"). There is no coincidence that the Visor Shot was selected on the Packaging of the American Heroes trading cards. It is one of the world's most famous photographs depicting one of America's greatest heroes. In this commercial context, the Visor Shot acts as window dressing to lure the consumer to purchase the product. The American Heroes Edition also includes cards commemorating the 1966 Gemini XII mission, including a reproduction of the mission patch bearing Dr. Aldrin's name (the "Gemini Card"). The packages were originally distributed in 2009. A true and correct copy of the Packaging is attached as Exhibit 2. A true and correct copy of the Inset is attached as Exhibit 3. A true and correct copy of the Gemini Card is attached as Exhibit 4.

15. Plaintiffs are informed and believe, and on that basis, allege that Defendants were responsible for procuring all rights, including intellectual property rights, to any and all material to be incorporated into the Packaging, the Inset, the Signature Card and the Gemini Card. Plaintiffs are informed and believe, and on that basis, allege that Defendants did procure the intellectual property rights for images of other personalities to be incorporated into Topps' products. In fact, the bottom of the "Topps American Heritage: American Heroes Edition" trading card box and the back of each and every trading card package lists the persons from whom Topps' sought clearances, including Mickey Mantle who is prominently displayed on the top of the "Topps American Heritage: American Heroes Edition" trading card box with Dr. Aldrin. Dr. Aldrin historically has been vigilant in protecting his right of publicity in the Visor Shot. Given that Defendants cleared the intellectual property rights of others on the same trading card box, it is inconceivable that Defendants were not on notice that they had to clear the intellectual property rights held by Dr. Aldrin before it used the Visor Shot and his

6

COMPLAINT FOR COMMON LAW RIGHT OF PUBLICITY; STATUTORY RIGHT OF PUBLICITY;
UNFAIR BUSINESS PRACTICES; AND UNJUST ENRICHMENT

name in this commercial context. Their failure to do so was a reckless disregard of Dr. Aldrin's intellectual property rights. A true and correct copy of the box bottom is attached as Exhibit 5.

16. Defendants sought, and continue to seek, to exploit Dr. Aldrin's personal characteristics and qualities for the purpose of associating its products with Aldrin in the minds of its consumers and the general public through the use of Dr. Aldrin's name, likeness, image and identity on the Packaging, the Inset, the Signature Card and the Gemini Card. This exploitation has been without any grant of rights or license by Dr. Aldrin.

17. Dr. Aldrin has attempted to resolve this matter without resorting to litigation but Defendants have refused to recognize Dr. Aldrin's rights in this matter. True and correct copies of correspondence between Dr. Aldrin counsel and Defendants is attached hereto as Exhibit 6.

## FIRST CLAIM FOR RELIEF

### (Common Law Right of Publicity)

### (Against All Defendants)

18. Plaintiffs incorporate herein by this reference as though fully set forth each and every allegation contained in paragraphs 1 through 17 of this Complaint.

19. In or about 2009, continuing to this date, Defendants, without Dr. Aldrin's consent, invaded his rights of privacy and publicity by appropriating his name, likeness, image and identity for purposes of said Packaging, Inset, the Signature Card and the Gemini Card.

20. The appropriation was unauthorized and without Plaintiffs' consent.

21. The appropriation was for Defendants' advantage, commercial and otherwise, in that it implied an association between Dr. Aldrin and Defendants and their products and services.

22. The appropriation usurped Dr. Aldrin's ability to control his public image and diluted his ability to effectively market such image, all to the detriment of Dr. Aldrin's reputation and goodwill.

23. Plaintiffs are informed and believe, and on that basis, allege that as a proximate result of the advantage accruing to Defendants from said appropriation, Plaintiffs have been and/or will be deprived of monetary sums in an amount to be determined at trial.

COMPLAINT FOR COMMON LAW RIGHT OF PUBLICITY; STATUTORY RIGHT OF PUBLICITY; UNFAIR BUSINESS PRACTICES; AND UNJUST ENRICHMENT

24. Plaintiffs are informed and believe, and on that basis, allege that unless restrained by this court, Defendants will continue to infringe Plaintiffs' right of publicity, engendering a multiplicity of judicial proceedings. Unless permanently restrained by this court, irreparable harm is likely to occur to Plaintiffs, and pecuniary compensation will not afford Plaintiffs adequate relief for the damage to their goodwill.

### SECOND CLAIM FOR RELIEF
### (Statutory Right of Publicity – Cal. Civ. Code § 3344)
### (Against All Defendants)

25. Plaintiffs incorporate herein by this reference as though fully set forth each and every allegation contained in paragraphs 1 through 17 of this Complaint.

26. In or about 2009 and continuing to date, Defendants invaded Plaintiffs' rights of privacy and publicity by knowingly appropriating Dr. Aldrin's name, likeness, image and identity in the above-described Packaging, Inset, the Signature Card and the Gemini Card.

27. Defendants invaded Dr. Aldrin's rights in order to attract attention and patronage from consumers and for the purpose of advertising, selling, and soliciting purchases of Defendants' products, or services thereby converting potential economic value in Dr. Aldrin's name, likeness, image and identity to Defendants' commercial advantage.

28. Defendants embarked on such course of conduct knowing that such appropriation was unauthorized, unlicensed and without the prior consent of Dr. Aldrin.

29. Defendants' conduct involved the appropriation of Dr. Aldrin's name, likeness, image and identity in the above-described Packaging, Inset and Card. The appropriation of Dr. Aldrin's name, likeness, image and identity by Defendants was, and continues to be, for the purpose of advertising and soliciting purchases of Defendants' products, merchandise, goods and services.

30. Defendants' use of Dr. Aldrin's name, likeness, image and identity has resulted in a commercial advantage to Defendants and violated Dr. Aldrin's rights.

31. By reason of Defendants' wrongful acts of appropriation of Dr. Aldrin's name, likeness, image and identity as alleged herein, Dr. Aldrin has been damaged in an amount to be determined at trial.

32. Plaintiffs are informed and believe, and on that basis, allege that unless restrained by this court, Defendants will continue to infringe Plaintiffs' right of publicity to the Defendants' advantage, thus causing confusion and deception in the marketplace, and engendering a multiplicity of judicial proceedings. Unless permanently restrained by this court, irreparable harm is likely to occur to Plaintiffs, and pecuniary compensation will not afford Plaintiffs adequate relief for the damage to their goodwill.

## THIRD CLAIM FOR RELIEF

(Unfair Business Practices – Cal. Bus. & Prof. Code §§ 17200 et seq.)

(Against All Defendants)

33. Plaintiffs incorporate herein by this reference as though fully set forth each and every allegation contained in paragraphs 1 through 17 of this Complaint.

34. Defendants' use of Dr. Aldrin's name, likeness, image and identity by incorporating the same into the above-described Packaging, Inset, the Signature Card and the Gemini Card is unfair, illegal and fraudulent, in that it creates a likelihood that Defendants' customers, potential customers, and the public generally will be confused or misled as to the source of said endorsement by Dr. Aldrin of Defendants' products, or services. Such persons are likely to believe that Dr. Aldrin's business and goodwill are affiliated with that of Defendants, all to the irreparable injury of Plaintiffs, and to the unjust enrichment of Defendants.

35. Defendants' continuing course of conduct in incorporating the name, likeness, image and identity of Dr. Aldrin in the above-described Packaging, Inset, Signature Card and Gemini Card constitutes unfair business practices within the meaning of California Business and Professions Code §§ 17200 et seq. These unfair business practices have and will cause irreparable injury to Plaintiffs.

36. Plaintiffs are informed and believe and, on that basis, allege that, unless restrained by this court, Defendants will continue to infringe Plaintiffs' right of publicity to the Defendants'

advantage, thus causing confusion and deception in the marketplace, and engendering a multiplicity of judicial proceedings. Unless permanently restrained by this court, irreparable harm is likely to occur to Plaintiffs, and pecuniary compensation will not afford Plaintiffs adequate relief for the damage to his goodwill.

### FOURTH CLAIM FOR RELIEF
### (Unjust Enrichment)
### (Against All Defendants)

37. Plaintiffs incorporate herein by this reference as though fully set forth each and every allegation contained in paragraphs 1 through 17 of this Complaint.

38. By virtue of the Defendants' unlawful misappropriation of Dr. Aldrin's name, likeness, image and identity, the Defendants have been unjustly enriched to the detriment of Plaintiffs.

39. Plaintiffs are informed and believe, and on that basis, allege that unless restrained by this court, Defendants will continue to infringe Plaintiffs' right of publicity to the Defendants' advantage, thus causing confusion and deception in the marketplace, and engendering a multiplicity of judicial proceedings. Unless permanently restrained by this court, irreparable harm is likely to occur to Plaintiffs, and pecuniary compensation will not afford Plaintiffs adequate relief for the damage to his goodwill.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Dr. Buzz Aldrin and StarBuzz LLC pray for relief as follows:

1. For a permanent injunction enjoining the Defendants from exploiting Dr. Aldrin's name, likeness, image and identity by incorporation of such in their advertising, products, or otherwise;
2. For Plaintiffs' damages to be determined at trial;
3. For an award of punitive damages against Defendants;
4. For the cost of suit herein, including attorneys' fees; and

5. For such other and further relief as this Court may deem just and proper, and which may otherwise be provided for by statute or law.

DATED: December 23, 2010

GIRARDI | KEESE

By: _____
VINCENT J. CARTER
THOMAS V. GIRARDI, ESQ. – SBN: 36603
STEPHEN G. LARSON, Esq. – SBN 145225
VINCENT J. CARTER, ESQ. – SBN: 208899
GIRARDI | KEESE
1126 Wilshire Boulevard
Los Angeles, California 90017
Telephone:    (213) 977-0211; Facsimile: (213) 481-1554

COMPLAINT FOR COMMON LAW RIGHT OF PUBLICITY; STATUTORY RIGHT OF PUBLICITY;
UNFAIR BUSINESS PRACTICES; AND UNJUST ENRICHMENT

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
DR. BUZZ ALDRIN, ET AL.

**DEFENDANTS**
TOPPS COMPANY, INC., ET AL.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Vincent J. Carter
GIRARDI & KEESE
1126 Wilshire Boulevard
Los Angeles, California 90017
(213) 977-0211

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Section 1332; Common law and Statutory Right of Publicity

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 660 Occupational Safety/Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | **FEDERAL TAX SUITS** |
| | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS - Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: CV10-09939

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2
                                           CCD-JS44

On JANNEY & JANNEY COURT SERVICES    4138024           12/27/2010 15:34      #036 P.003/003
12/27/2010 15:20 FAX 2134811554           GIRARDI & KEESE                                    ☑003

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No  [ ] Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No  [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)
- [ ] A. Arise from the same or closely related transactions, happenings, or events; or
- [ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
- [ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
- [ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _/s/ _____  Date December 27, 2010
VINCENT J. CARTER

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. BUZZ ALDRIN and STARBUZZ, LLC, a California limited liability company<br><br>PLAINTIFF(S)<br><br>v.<br><br>TOPPS COMPANY, INC., a Delaware corporation; and DOES 1 - 10<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV10-09939<br><br><br>SUMMONS |

TO:   DEFENDANT(S): <u>TOPPS COMPANY, INC.</u>

A lawsuit has been filed against you.

Within __<u>21</u>__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [x] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Vincent J. Carter, Esq.</u>, whose address is <u>Girardi & Keese, 1126 Wilshire Blvd., Los Angeles, CA 90017</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  DEC 27 2010          By:  JULIE PRADO
                                  Deputy Clerk

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

CV-01A (12/07)                       SUMMONS                                 CCD-1A